IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-40062
_____


T. J. JONES,

                                        Petitioner-Appellant,

                        versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.



_____

Appeal from the United States District Court
for the Eastern District of Texas
(4:99-CV-24)
_____

September 25, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     With the benefit of briefs and oral argument, we are persuaded
that the motion to reconsider our denial of a request to expand the
certificate of appealability should be denied and judgment of the
district court denying habeas relief to T.J. Jones should be
affirmed.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jones has urged reversal on two grounds.  Jones first contends that the district court erred in sustaining a challenge for cause to Genie Robins Williams, a member of the venire.  Ms. Williams's response to questions by the prosecutor, defense counsel, and the state trial judge presented a classic equivocating prospective juror.  We cannot find that the state trial judge abused his discretion in excusing Ms. Williams.  *See Wainwright v. Witt*, 469 U.S. 412 (1985).

Jones argues that some jurors received extrinsic evidence from other jurors during the course of their deliberations at the sentencing phase of trial.  The story is that Ms. Robert, a juror, had expressed concern that if sentenced to death, Jones might not have sufficient time to reflect upon his situation.  While the length of the times suggested in response is disputed, the longest time suggested was an estimate by another juror that it could take 20 to 30 years before an execution was carried out.  We are not persuaded that this colloquy among jurors during deliberations presents the forbidden taint of extrinsic evidence.  It bears mention that the speculation, even this longest time of the conflicting versions, was not seriously in error.  Regardless, the concern of Ms. Robert, the juror assertedly improperly influenced, was that any execution not be swiftly imposed and that assuredly was not to be.  In short, an assurance regarding the likelihood of that circumstance does no more than reflect the reality of capital

punishment today.  And to our eyes there was nothing impermissibly foreign introduced in the jurors' deliberations.

The judgment is affirmed and the motion to reconsider our denial of further certificate of appealability is denied.